# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 08-271 (DWF/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Felix Johnson Rivera, | |
| Defendant. | |

Felix Johnson Rivera, Defendant, *Pro Se*.

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Felix Johnson Rivera's ("Defendant") motion for a sentence reduction pursuant to Section 102 of the First Step Act. (Doc. No. 1488.) The United States of America (the "Government") opposes Defendant's motion. (Doc. No. 1490.)

Defendant requests that the Court issue an order to the Bureau of Prisons requiring that his good time credit be adjusted to reflect the full amount he has earned as calculated under the method provided for under the First Step Act. The Government argues that Defendant's motion is without merit because the Court does not have jurisdiction over the execution of his sentence or the calculation of good conduct time.

For the reasons set forth below, the Court respectfully denies Defendant's motion.

## BACKGROUND

On January 12, 2010, Defendant was convicted pursuant to a plea of guilty of one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. No. 803 at 1.) The Court imposed a sentence of a term of imprisonment of 138 months, to be followed by a four-year term of supervised release. (*Id.* at 2-3.) Defendant now moves for a reduction in sentence pursuant to Section 102 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("FSA"), asking the Court to intervene and issue an order to the Bureau of Prisons ("BOP") for his immediate release based on his calculation of the good conduct time ("GCT") he believes he earned as computed under the FSA. (Doc. No. 1488 at 2.)

The Government opposes Defendant's motion, arguing that a motion challenging the execution of a sentence is properly brought as a petition under 28 U.S.C. § 2241 in the district where a prisoner is incarcerated, therefore the Court does not have jurisdiction over the issue of calculating GCT. (Doc. No. 1046 at 1.) Moreover, Defendant relies upon changes under the FSA that had yet to take effect at the time his motion was filed, making the motion premature. (*Id.*) In any case, the Government also disagrees with Defendant's calculation of the correct release date. (*Compare* Doc. No. 1488 at 2 (anticipating a release date before July 2019) *with* Doc. No. 1488 at 5 (anticipating a recalculated release date of August 21, 2019).)

As the Government notes, the Court reduced Defendant's term of imprisonment upon Defendant's motions and Defendant was released from prison. (Doc. No. 1490 at 2.) Defendant's term of supervised release was modified and revoked multiple times.

(*Id.*)  The last judgment was imposed on November 21, 2018, after Defendant admitted to a violation of the conditions of his release and was sentenced to a term of imprisonment of 14 months with no supervision to follow.  (Doc. No. 1476.)

Defendant was serving his term of imprisonment at a federal facility in Pekin, Illinois with a projected release date of August 29, 2019 at the time his motion was filed.  (Doc. No 1490 at 5, 7.)  However, a more recent check of Defendant's status shows that he was released from custody on October 8, 2019.[1]

## DISCUSSION

### I.  First Step Act of 2018

The First Step Act clarified the method to be used in calculating a prisoner's good conduct time (GCT) under 18 U.S.C. § 3624(b)(1), directing that under the amended statute a prisoner "may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of prisoner's sentence imposed by the court."
FSA § 102(b)(1)(A)(i).  While the previous wording of the statute likewise authorized the reduction of a term of imprisonment by as many as 54 days for every year served as a reward for good behavior, the calculation method employed by the Bureau of Prisons ("BOP") resulted in GCT of roughly 47 days per year.  *Barber v. Thomas*, 560 U.S. 474, 479 (2010).  This change to the calculation of GCT took effect on July 19, 2019, with the publication of the Risk and Needs Assessment System.  FSA § 102(b)(2); U.S. Dept. of Justice, *The First Step Act of 2018: Risk and Needs Assessment System* (July 19, 2019)

---

[1]  Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 25, 2019) ("Inmate Locator").

3

(avail. at https://www.nij.gov/documents/the-first-step-act-of-2018-risk-and-needs-assessment-system.pdf). Pursuant to the FSA, the BOP is reviewing and recalculating sentences to reflect changes to prisoners' GCT. (*See* Inmate Locator.) As evidenced by his release, the BOP awarded Defendant his revised GCT, meaning that he has received the relief he sought through this motion.

## II. Mootness

The Court is not aware of any precedent directly addressing the issue of whether a prisoner's motion for recalculation of GCT under the FSA is mooted by his or her release, but finds that there is caselaw that offers valuable analysis and helpful guidance on general principles related to motions for the release of a prisoner.

Under Article III of the Constitution, a justiciable case or controversy must exist at all stages of review, "not merely at the time the complaint is filed." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal citations and quotations omitted). In a criminal case, a defendant who wishes to continue to appeal after the expiration of a sentence must suffer some continuing injury or collateral consequence. *Id.* When a defendant challenges his or her underlying conviction, collateral consequences are presumed to exist, but this presumption does not apply when a defendant is only challenging an expired sentence. *Id.*; *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) (distinguishing correction of a sentence already served from nullification of conviction). When the issues presented in a case "lose their life" in the course of litigation due to the passage of time or a change in circumstances so that a federal court can no longer grant effective relief, the case is moot. *Ali v. Cangemi*, 419 F.3d 722, 723

(8th Cir. 2005) (internal citations and quotations omitted).  There is no ongoing case or controversy when a petitioner has obtained all of the relief that he sought.  *Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019).

Applying this reasoning to Defendant's situation, the Court finds that Defendant's motion is moot.  The Court notes that Defendant did not request consideration on any aspect of his sentence other than the term of imprisonment imposed.  No live controversy remains because "[t]hrough the mere passage of time," Defendant has obtained relief.  *Williams*, 455 U.S. at 633.

## CONCLUSION

The Court finds that Defendant's GCT was revised according to statute as amended by the First Step Act, resulting in his release and rendering his motion moot.  No further argument or hearing is needed.  Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Felix Johnson Rivera's Motion to Reduce Sentence Pursuant to Section 102 of the First Step Act (Doc. No. [1488]) is **DENIED AS MOOT**; and

2. All other aspects of Defendant's sentence shall remain as originally imposed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 2, 2019

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge